**DISMISS; and Opinion Filed August 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00797-CV

**CORNELL RIVERS, SR., Appellant**
**V.**
**BANK OF AMERICA, N.A., Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-01611-A**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

This is an action to enforce a post-foreclosure eviction. Appellee purchased the property at a foreclosure sale on December 4, 2012 and made demand that appellant vacate the property on December 17, 2012. The trial court signed its order enforcing the eviction and granting possession of the property to appellee on April 4, 2013. No party filed a post-judgment motion extending the appellate timetable. Thus, appellant's notice of appeal was due on or before May 4, 2013. *See* TEX. R. APP. P. 26.1.

Appellant filed a notice of appeal on April 8, 2013, but moved to dismiss that appeal on August 2, 2013. Appellant's motion to dismiss was granted by this Court and the appeal was dismissed on August 13, 2013. Subsequently, appellant filed a bankruptcy petition on November 18, 2013. Appellant filed a second notice of appeal in this Court on June 20, 2014, after the dismissal of his bankruptcy case.

By letter dated July 16, 2014, this Court notified appellant that it appeared his notice of appeal was untimely and inquired about the status of the bankruptcy petition. Appellant filed a letter brief on July 28, 2014, in which he stated that he filed a Chapter 13 bankruptcy petition on November 18, 2013, which activated an automatic stay. He further explained that the bankruptcy court dismissed his petition on May 1, 2014. He argued in his letter brief that the June 20, 2014 notice of appeal was timely because, while his bankruptcy was pending, the automatic stay prevented either party from proceeding with litigation in any court with regard to the property. He further argued that he filed his notice of appeal within thirty days of the bankruptcy court's order dismissing the case.

In the absence of a post-judgment motion extending the appellate timetable, notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Appellant filed a timely notice of appeal but, at appellant's request, we dismissed the appeal. Appellant's bankruptcy petition was filed on November 18, 2013, which was more than six months after his notice of appeal was due on May 4, 2013. Accordingly, the bankruptcy did not present an impediment to timely perfecting appellant's appeal. Because this appeal was not filed timely, we **DISMISS** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c).

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140797F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORNELL RIVERS, SR., Appellant

No. 05-14-00797-CV      V.

BANK OF AMERICA, N.A., Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas, Trial Court Cause No. CC-13-01611-A. Opinion delivered by Justice Fillmore, Justices Evans and Lewis participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Bank of America, N.A. recover its costs of this appeal from appellant Cornell Rivers, Sr.

Judgment entered this 18th day of August, 2014.